**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEMICHAEL MCCAULEY,

        Petitioner - Appellant,

v.

RON WARD,

        Respondent - Appellee.

No. 05-6319

(W.D. Oklahoma)

(D.C. No. 04-CV-1698-C)

---

**ORDER**

---

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

Demichael McCauley, an Oklahoma state prisoner assigned to the Oklahoma City Community Corrections Center (OKC/CCC), was found guilty of escape in a disciplinary hearing on April 26, 2004. On December 14, 2004, he filed in the United States District Court for the Western District of Oklahoma an application for a writ of habeas corpus under 28 U.S.C. § 2241, arguing that the disciplinary proceeding violated his due process rights. The district court, following the recommendation of the magistrate judge, denied the application and denied a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1) (requiring COA); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (COA required for state prisoners seeking relief under § 2241). Mr. McCauley now seeks a COA

from this court. He also seeks leave to proceed in forma pauperis (IFP). We deny a COA and IFP status.

## I.    BACKGROUND

On April 16, 2004, Mr. McCauley, who was assigned to the OKC/CCC, was working at a facility in Oklahoma City referred to as "Property Distribution." Mr. McCauley's supervisor was unable to locate him after the lunch break, and at 1:15 p.m. received a call informing him that Mr. McCauley was in the custody of the Oklahoma City police. Mr. McCauley was charged with the offense of escape by the Oklahoma Department of Corrections (DOC). He was provided a copy of the offense report, the investigator's report, the Oklahoma City police report, the sign-out sheet for Property Distribution, and the Property Distribution incident report. He was also advised of his rights in connection with the disciplinary charge. At a hearing on April 26, 2004, Mr. McCauley was found guilty of escape. Mr. McCauley appealed through the disciplinary system, but the conviction was affirmed.

In his § 2241 application Mr. McCauley alleged three violations of his procedural due process rights: (1) the notice he received of the charges against him was too vague and ambiguous to afford due process; (2) he could be charged with escape only if he was gone for more than 24 hours; and (3) no evidence supported the charge of escape. The magistrate judge found that the "offense

report clearly states that [he] was being charged with violation code 16-1, 'escape from the custody of the DOC,'" and explained that he had left work premises when signed out to work at Property Distribution. R. Doc. 16 at 5 (internal brackets omitted). He said that this notice satisfied the requirements of *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

The magistrate judge also rejected Mr. McCauley's assertion that he could not be charged with escape unless he was absent for more than 24 hours because "the 24-hour absence from custody requirement as set forth in Okla. Stat. tit. 21, § 443(C) applies only to a criminal charge of felony escape under that section, a separate issue from a prison disciplinary misconduct for escape." R. Doc. 16 at 6 n.6. And with regard to Mr. McCauley's claim that the charge of escape was not supported by any evidence, the magistrate judge found that some evidence supported Mr. McCauley's disciplinary conviction. The incident reports showing that Mr. McCauley "'left the premises of confinement at his work location'" and Mr. McCauley's admission that "he left the premises where he was assigned to work" were adequate to support the outcome of the disciplinary hearing. *Id.* at 8.

The district court affirmed the Report and Recommendation of the magistrate judge and denied Mr. McCauley's § 2241 application.

On appeal Mr. McCauley contends that his procedural due process rights were violated when he was convicted of the disciplinary violation of escape

although he had been absent less than 24 hours. He also appears to challenge the use of the some-evidence standard in convicting him of the disciplinary charge. Finally, he contends that he is entitled to an evidentiary hearing.

## II.   DISCUSSION

State prisoners filing for habeas relief under § 2241 must obtain a COA in order to appeal the denial of their application. *Montez*, 208 F.3d at 869. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*.

Mr. McCauley contends that his due process rights were violated when he was charged with escape in the disciplinary hearing, because Okla. Stat. tit. 21, § 443(C) provides that an inmate assigned to an alternative to incarceration cannot be charged with the felony of escape unless he is absent for more than 24 hours. But even assuming that he has properly construed § 443(C), the Oklahoma

statute, as both the magistrate judge and district court correctly pointed out, deals only with the felony crime of escape, and not with the definition of escape for purposes of a disciplinary proceeding. Mr. McCauley has not directed us to any prison regulation indicating that disciplinary charges for escape cannot be brought unless a prisoner is absent more than 24 hours. This challenge therefore must fail.

Mr. McCauley also appears to challenge the use of the some-evidence standard in determining his guilt at the disciplinary proceedings. But the United States Supreme Court has held that although prisoners retain due process rights during disciplinary hearings, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Due process is satisfied in a prison disciplinary hearing if "some evidence" supports the decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Furthermore, "[a]scertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455-56. That standard was met here.

Finally, Mr. McCauley contends that he was entitled to an evidentiary hearing in district court. But he has failed to point to any relevant factual issue that could be illuminated at such a hearing.

In short, no reasonable jurist could determine that the district court erred in denying Mr. McCauley's due process claims. Moreover, because Mr. McCauley has not shown "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we deny his application to proceed IFP. *See DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

We DENY Mr. McCauley's application for a COA, DENY his request to proceed IFP, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge